**Stephen Dewitt MASON, Appellant,**

v.

**NATIONAL ASSOCIATION OF LETTER CARRIERS, Vincent R. Sombrotto, President of the N.A.L.C. Postal Union, Appellee.**

Nos. 04–5103, 04–5104, 04–5105.

United States Court of Appeals, District of Columbia Circuit.

March 16, 2005.

Stephen Dewitt Mason, Richmond, VA, pro se.

Peter Herman, Cohen, Weiss & Simon, New York, NY, for Defendant–Appellee.

Before: GINSBURG, Chief Judge, and HENDERSON and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's dismissal order filed February 26, 2004, be affirmed. A union has a statutory duty to represent its members fairly at all levels of representation, including in grievance proceedings. *See United Steelworkers of America v. Rawson,* 495 U.S. 362, 372, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990). That duty is breached when the union's "conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), cited in *Jacoby v. NLRB,* 325 F.3d 301, 309 (D.C.Cir.2003). The actions about which appellant complains in this case fall short of the level of conduct necessary to sustain a breach of duty claim against the union. *Cf. Humphrey v. Moore,* 375 U.S. 335, 348, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964) (actions are in bad faith when there is substantial evidence of fraud, deceitful action or dishonest conduct); *Air Line Pilots Ass'n v. O'Neill,* 499 U.S. 65, 67, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991) (citation omitted)

(actions are arbitrary only if the union's behavior is so far outside a wide range of reasonableness as to be irrational).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.